UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURIE R.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C19-6126-MLP<br><br>ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting her testimony, her spouse's lay witness statement, and two medical opinions. (Dkt. #18.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1961, has a high school education, and has worked as a bartender and caregiver. AR at 27-28. Plaintiff was last gainfully employed in February 2017. *Id.* at 52. Plaintiff alleges disability as of February 1, 2017. *Id.* at 17. After conducting a hearing in December 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 37-72, 17-30. In

ORDER - 1

pertinent part, the ALJ found Plaintiff's severe impairments of carpal tunnel syndrome, lumbar degenerative disc disease, and depressive disorder left her with the Residual Functional Capacity (RFC) to perform light work with occasional fingering, frequent reaching or handling, and occasionally climbing five stairs. *Id.* at 19, 22. She was further limited to jobs at the Specific Vocational Preparation (SVP) level of three, and would be off-task 10% of the time and absent 10 days per year. *Id.* at 22.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating Medical Opinion Evidence

The parties disagree on the standard of review, but neither contends the difference between the two standards would change the outcome here. Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. § 404.1520c(a), (b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion. *Id*. at (c)(1)-(2). At the least, this necessitates that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.... [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

> 1. *The ALJ Did Not Err in Handling the Opinion of Loreli Thompson, Ph.D.*

Dr. Thompson examined Plaintiff in August 2017 and reviewed several of her records. AR at 470. Dr. Thompson opined Plaintiff's ability to reason was good, understanding was variable, memory functions were inconsistent, and sustained concentration and persistence were inconsistent. *Id.* at 475. Dr. Thompson also opined Plaintiff's ability to "adapt to routine changes

in a typical work setting is likely to be impacted by reported depressed mood, sleep problems, and medical issues." *Id.* The ALJ found Dr. Thompson's opinions "somewhat persuasive" and concluded they supported the off-task and absenteeism levels included in the RFC. *Id.* at 26.

Plaintiff contends the ALJ erred by failing to include limitations in the RFC based on Dr. Thompson's assessment of variable understanding, inconsistent memory, inconsistent sustained concentration and persistence, and "impacted" ability to adapt to routine changes. (Dkt. #18 at 3.) The ALJ limited Plaintiff to SVP level 3 work, 10% off-task time, and ten absences per year. AR at 22. Plaintiff fails to explain how Dr. Thompson's opinions required any greater restrictions, and thus has not shown the ALJ erred. Plaintiff argues the Commissioner fails to "show how the ALJ accounted for all of these limitations." (Dkt. #18 at 5.) But it is the appellant who must establish error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Plaintiff fails to show the ALJ erred in interpreting Dr. Thompson's opinions and incorporating them into the RFC.

The Court concludes the ALJ did not err in addressing Dr. Thompson's opinions.

  2. *The ALJ Erred in Discounting the Opinion of Gary Gaffield, D.O.*

In September 2017, Dr. Gaffield examined Plaintiff and opined she could perform light work with only occasional manipulative activities. AR at 508. The ALJ found the limitation on manipulative activities not persuasive based on Plaintiff's "very conservative treatment … at her own request" for carpal tunnel syndrome. *Id.* at 25.

A claimant's failure to follow treatment recommendations implies her "complaint [is] unjustified or exaggerated" because "a person's normal reaction is to seek relief from pain." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). The implication is much weaker for a doctor's

opinion, however. The ALJ could reasonably discount Plaintiff's testimony of extremely limiting hand symptoms, based on the reasonable inference that a person with that level of symptoms would be expected to seek relief. But rejecting Dr. Gaffield's opinion is based on a far less reasonable inference that a person who could only reach and handle for two hours per day would find it so distressing that she would necessarily be willing to undergo surgery. In the terms of the new regulations, the fact that Plaintiff declined surgery does not make Dr. Gaffield's opinion less supported by or consistent with the evidence. *See* 20 C.F.R. § 404.1520c(c)(1)-(2).

The Commissioner argues effectively-controlled impairments are not disabling. (Dkt. #19 at 7 (citing *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)).) But there is no evidence Plaintiff's carpal tunnel syndrome was effectively controlled, and the Commissioner's assertion that it *would* be cured by surgery is not evidence establishing effective control. The Commissioner also argues Dr. Gaffield's opinion is unpersuasive because he examined Plaintiff only one week after she began using wrist splints as treatment for carpal tunnel syndrome. (Dkt. #19 at 7.) However, as the Commissioner concedes, even after several months of using wrist splints Plaintiff's condition did not improve. (*See* Dkt. #19 at 7).

Plaintiff's failure to have surgery was not a valid reason to discount Dr. Gaffield's opinion. The Court therefore concludes the ALJ erred by discounting Dr. Gaffield's opinion of manipulative limitations.

> 3.  *The ALJ Did Not Err by Accepting Non-examining Doctors' Opinions*

Plaintiff contends the ALJ erred by accepting the opinions of non-examining State agency doctors because they did not review evidence after January 2018 or Plaintiff's testimony. (Dkt. #18 at 9.) Plaintiff offers no case law or other support for the proposition that medical sources' opinions must be given limited weight unless they reviewed the full record, and no

ORDER - 5

evidentiary support that their opinions would have changed based on later evidence. That Dr. Thompson and Dr. Gaffield, on whose opinions Plaintiff relies, did not review any evidence after September 2017 illustrates the disingenuous nature of Plaintiff's argument. Moreover, an ALJ is never required to reject a medical opinion. *Cf. Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one).

The Court concludes the ALJ did not err by accepting the non-examining doctors' opinions.

### B.     The ALJ Erred in Evaluating Plaintiff's Testimony

Plaintiff reported she was unable to use her hands, walk, or stand for more than a few minutes and had difficulty being around people. AR at 230, 235, 53. Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ discounted Plaintiff's testimony of difficulty writing, driving for more than a few minutes, or holding anything for even a short time because Plaintiff declined recommended surgery to treat carpal tunnel syndrome. AR at 24. An "unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. Plaintiff testified, "I'm afraid of surgeries. I'm so over them. I've had to have [several]." AR at 50. The ALJ rejected Plaintiff's proffered reason, fear of surgery, because she

ORDER - 6

had had multiple successful surgeries. *Id.* at 24. Plaintiff argues refusal to have surgery "proves nothing about her level of pain or limitations." (Dkt. #18 at 11.) However, under Ninth Circuit precedent, an ALJ is permitted to infer from a refusal to follow prescribed treatment that a claimant's symptoms are not so severe as to be disabling. A claimant's failure to seek relief implies her complaints are "unjustified or exaggerated." *Orn*, 495 F.3d at 638; *see also* Soc. Sec. Ruling 16-3p, 2017 WL 5180304 at *9 (S.S.A. 2017) ("if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record"). It was reasonable to infer a person who could barely write or hold anything would be willing to undergo surgery to seek relief. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). And while other interpretations of the record are possible, the Court must uphold the ALJ's rational interpretation that, having had multiple successful surgeries, Plaintiff's excuse that she was now afraid of surgery was an insufficient explanation. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (when the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational). Failure to follow recommended treatment was a clear and convincing reason to discount Plaintiff's testimony of disabling hand impairments.

The ALJ's other reason to discount hand symptom testimony was erroneous. The ALJ's finding of inconsistent statements about whether Plaintiff drives was based on a mischaracterization of Plaintiff's testimony. AR at 24. Plaintiff testified she cannot drive "for very long distances," not that she never drives. *Id.* at 46. Inclusion of an invalid reason was

harmless error. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (as long as remaining reasons are valid, providing improper reasons is harmless error).

Plaintiff testified she is "not good with big crowds" because she gets "very nervous." AR at 58. The ALJ discounted testimony of social limitations because Plaintiff "enjoyed a cruise" and treatment notes indicated no problems interacting with others. *Id.* at 24. Plaintiff testified she did not "interact" with other passengers on the cruise but just walked around the ship and sat on the decks. *Id.* at 58, 48. Although Plaintiff may not have talked to other passengers, the ALJ reasonably inferred a cruise ship would be crowded, contradicting an inability to be in crowds. Conflict with Plaintiff's activities was a clear and convincing reason to discount testimony of social limitations. *See Orn*, 495 F.3d at 639 (ALJ may discount claimant's testimony based on activities that contradict her testimony).

The ALJ also discounted testimony of social limitations based on depression because the record showed "very little mental health treatment." AR at 23. Plaintiff argues mental health treatment notes are missing from the record, citing an intake assessment stating the "[t]herapist would like to continue to see [Plaintiff] 2x a month." *Id.* at 593. This single reference does not establish Plaintiff actually continued treatment or that any treatment notes are missing, especially when Plaintiff's attorney affirmed the record was complete. *Id.* at 39. Lack of treatment was a clear and convincing reason to discount testimony of disabling mental limitations.

The ALJ discounted Plaintiff's testimony of standing and walking limitations because lumbar degeneration was limited to a single level (L5-S1) and examinations showed normal sensation, strength, and reflexes. AR at 23. An ALJ may reject a claimant's symptom testimony based on contradiction by the medical evidence, but not on mere lack of support in the medical evidence. *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient

basis for rejecting a claimant's subjective testimony."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)) ("subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence"). The evidence the ALJ cited did not contradict Plaintiff's testimony. The Commissioner argues Dr. Gaffield's opinion of no standing or walking limitations contradicted Plaintiff's testimony. (Dkt. #19 at 11.) This is a *post hoc* argument on which the Court cannot rely. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Moreover, the ALJ rejected this portion of Dr. Gaffield's opinion, concluding it was contradicted by his own findings of limited range of lumbar motion. AR at 25. The Commissioner also notes Plaintiff "did not mention back pain at her hearing at all," but Plaintiff was not asked about it despite the fact that she stated in her Function Report she could not stand or walk for long. (Dkt. #19 at 11); AR 230, 235. The Court concludes the ALJ erred by discounting Plaintiff's statements regarding how long she can stand or walk.

The Court concludes the ALJ did not err by discounting Plaintiff's hand and mental symptom testimony. However, on remand, the ALJ must reconsider Plaintiff's reports of standing and walking limitations.

### C. The ALJ Did Not Err by Discounting the Lay Witness' Statement

The ALJ discounted Plaintiff's husband's statement as internally inconsistent and not fully consistent with Plaintiff's statements. AR at 27. Plaintiff argues this is not a germane reason to reject portions of his statement that are internally consistent and consistent with Plaintiff's statements, but fails to identify any such portions. The Court concludes the ALJ did not err by rejecting Plaintiff's husband's statement.

**D.     Scope of Remand**

Plaintiff's recitation of the three requirements for remand for benefits, and bare assertion that all requirements are met, is inadequate to preserve the issue on appeal. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with specificity in briefing). The Court concludes remand for further proceedings is appropriate.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Gaffield's manipulative limitations opinion and Plaintiff's standing and walking symptom testimony, reassess the RFC if appropriate, and proceed to steps four and five if necessary.

Dated this 9th day of October, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge